In the
United States Court of Appeals
For the Seventh Circuit

No. 99-3499

Audrey McBrearty, et al.,

Plaintiffs-Appellants,

v.

Brian Perryman, District Director,
mmigration and Naturalization Service;
and United States of America,

Defendants-Appellees.


Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 99 C 5561--Robert W. Gettleman, Judge.


Argued April 25, 2000--Decided May 11, 2000


 Before Posner, Chief Judge, and Easterbrook and Evans,
Circuit Judges.

 Posner, Chief Judge.  The plaintiffs sought
judicial review of the refusal by the district
director of the immigration service to adjust
their status to that of lawful permanent
residents of the United States. 8 U.S.C. sec.
1255. The district court dismissed the suit for
want of jurisdiction, noting that 8 U.S.C. sec.
1252(a)(2)(B) provides that "notwithstanding any
other provision of law, no court shall have
jurisdiction to review . . . any judgment
regarding the granting of relief under" section
1255. The plaintiffs were winners in the "visa
lottery" that the government operates (see 8
U.S.C. sec.sec. 1153(c), 1154(a)(G), 1255(i); 62
Fed. Reg. 45004, 45005), but winners do not
automatically become lawful permanent residents.
They must petition the Attorney General under
section 245 of the Immigration and Nationality
Act, 8 U.S.C. sec. 1255, for adjustment of their
status to that of permanent resident. The
district director denied the plaintiffs'
applications on a variety of grounds, primarily
as untimely--they had sought to have their
applications to participate in the visa lottery,
though filed with the State Department (as
required), treated as the applications to the
Attorney General for adjustment of status after

they won the lottery that are required by 8 U.S.C. sec. 1255(i).

The suit was premature, since, as the plaintiffs acknowledge, they could obtain review of the district director's decision by the Board of Immigration Appeals if and when the immigration service institutes removal (i.e., deportation) proceedings against them. See 8 U.S.C. sec. 1252(a)(1); 8 C.F.R. sec.sec. 240.15, 245.2(a)(5)(ii). They thus have failed to exhaust their administrative remedies. The suit is also barred by the door-closing statute quoted above. Although such statutes are often interpreted as being inapplicable to constitutional challenges, e.g., Czerkies v. U.S. Department of Labor, 73 F.3d 1435, 1439 (7th Cir. 1996) (en banc); LaGuerre v. Reno, 164 F.3d 1035, 1040 (7th Cir. 1998); Stehney v. Perry, 101 F.3d 925, 934 (3d Cir. 1996), the plaintiffs acknowledge that their suit presents no constitutional issue. The door-closing statute therefore means what it says.

The suit and appeal are thoroughly frivolous, and these abuses of judicial process are compounded by a flagrant violation of our Rule 30, which requires an appellant to include in the appendix to his opening brief the opinion, whether written or (as in this case) oral, of which appellate review is sought. It is not included; nor even the district court's order dismissing the suit; yet the brief contains the sworn assurance of the plaintiffs' counsel that everything required by the rule is contained in the appendix. We direct him to show cause within 14 days why he (and/or the plaintiffs) should not be sanctioned for filing a frivolous appeal and for violating our rules.

The dismissal of the suit is

Affirmed.