**Mariusz SADOWSKI, Plaintiff,**

**v.**

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, and Edward McElroy as District Director, New York District, U.S. Immigration and Naturalization Service, Defendants.**

**No. 99 CIV. 9269(VM).**

United States District Court, S.D. New York.

Aug. 4, 2000.

**452**

Przemyslaw Jan Bloch, Maspeth, NY, for Plaintiff.

F. James Loprest, Jr., Special Asst. U.S. Atty., Mary Jo White, U.S. Atty., New York City, for I.N.S.

## DECISION AND ORDER

MARRERO, District Judge.

Mariusz Sadowski ("Sadowski"), a native and citizen of Poland, brings this action, alleging negligence and a violation of his due process rights, against the Immigration and Naturalization Service ("INS") and Edward McElroy, the New York District Director for the INS (collectively, the "INS"). Sadowski has moved for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, seeking mandamus to protect him from the INS's purported failure to act in a timely manner on his application for adjustment of status. The INS has filed a cross-motion, pursuant to Rule 12(b)(1) and (c) of the Federal Rules, to dismiss all claims for lack of subject matter jurisdiction, or, in the alternative, for judgment on the pleadings.

### FACTS

Sadowski, who was born on February 28, 1975 in Poland, sought to become a lawful permanent resident of the United States as a derivative beneficiary through an immigrant employment petition filed on behalf of his mother Jadwiga Sadowska. *See* Petition for Mandatory Relief, filed on Aug. 27, 1999 ("Petition") ¶ 1. Sadowski filed an I–485 form, an INS application for status as a permanent resident, on August 31, 1995, five and one-half months prior to his twenty-first birthday, pursuant to the provisions of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1255. *See id.,* at ¶¶ 6,8. The application was filed with supporting documents and the proper fees, along with a cover letter from Sadowski's attorney emphasizing the time sensitive nature of Sadowski's application. *See id.,* ¶ 6.

Under the INA, in order to achieve derivative beneficiary status, the next of kin must be under the age of twenty-one at the time legal permanent resident status is granted, regardless of the application date. *See* Government's Reply Memorandum of Law, dated Apr. 3, 2000 ("Reply Memo") at 3. In the event that an individual is over twenty-one years when the application for adjustment of status is adjudicated, he will be subject to re-petitioning by a parent who has legal permanent resident status, in the family-based second preference category, applicable to adults aged twenty-one and over. *See* Petition, ¶ 10. In this category, the waiting time for processing is approximately seven years. *See id.* Additionally, in order to remain eligible for a visa through his mother's re-petition, Sadowski may not marry during the processing period. *See id.*

On or about August 6, 1998, almost three years after Sadowski submitted the I–485, his attorney, pursuant to the Freedom of Information Act, requested Jadwiga Sadowski's file which included Sadowski's application. *See id.,* ¶ 11. On October 9, 1998, the INS responded to this request, stating that although the agency's indexes reflected the existence of such a file, it was unable to locate the file. *See id.* The INS located the file on or about February 4, 1999 and processed it four months later on June 17, 1999, granting legal permanent resident status to Sadowski's mother, but denying such derivative status to Sadowski based on the fact that he had become over twenty-one years old. *See id.,* ¶¶ 11–12.

Sadowski asserts that when a child is at risk of attaining the age of twenty-one, or

"aging out", the customary practice of the INS is to expedite the processing of that individual's claim. *See id.,* ¶ 19. The complaint herein is predicated upon what Sadowski perceives to be the INS's failure to expedite his claim and its delay ·of forty-two months which effectively resulted in the denial of his adjustment of status application as a derivative beneficiary of his mother. Sadowski contends that as a consequence of the INS's alleged negligence he has suffered irreparable harm, including, but not limited to, an unreasonable delay in establishing eligibility for United States citizenship; an inability to travel or relocate; an inability to enlist in the Armed Services of the United States, to establish residency for tuition purposes, and to obtain home or educational loans; and continuing mental and emotional distress related to his unsettled residency status. *See id.,* ¶ 21.

## DISCUSSION

This Court must determine whether subject matter jurisdiction exists in the case at hand prior to addressing any of the pleadings. *See Steel Co. v. Citizens ·For a Better Environment,* 523 U.S. 83, 118 S.Ct. 1003, 1012, 140 L.Ed.2d 210 (1998) (rejecting the district court practice of assuming subject matter jurisdiction *arguendo* in order to decide a case on its merits). Sadowski alleges that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1361 and 8 U.S.C. § 1329. His reliance upon these statutes, however, is incorrect.

### A. Subject Matter Jurisdiction Under 28 U.S.C. § 1361

The jurisdictional claim grounded on § 1361, which relates to mandamus relief, is addressed in *Wan Shih Hsieh v. Kiley,* 569 F.2d 1179, 1182 (2d Cir.1978), where the Second Circuit determined that "matters solely within the discretion of the INS ... are not reviewable under ... 28 U.S.C. § 1361." This sentiment is echoed in *Zheng v. McElroy,* No. 98 Civ. 1772,

1998 WL 702318, at *3 (S.D.N.Y. Oct.7, 1998), where the court ruled that 28 U.S.C. § 1361 is inapplicable as a basis for jurisdiction in an adjustment of status case, because the decision process in immigration status matters should be left to the discretion of the INS. Moreover, mandamus is not appropriate to these cases. "The common law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear non-discretionary duty." *Rahman v. McElroy,* 884 F.Supp. 782, 787 (S.D.N.Y. 1995) (quoting *Heckler v. Ringer,* 466 U.S. 602, 606–17, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984)). While the application of mandamus requires the existence of a clear non-discretionary duty owed to a petitioner, no such obligation to Sadowski exists in this matter, rendering the application of 28 U.S.C. § 1361 inapposite.

### B. Subject Matter Jurisdiction Under 8 U.S.C. § 1329

Sadowski's basis for jurisdiction under § 1329 is also misplaced in this matter. In *Howell v. Immigration and Naturalization Serv.,* 72 F.3d 288 (2d Cir.1995), the Second Circuit, noting that several other courts had so determined, held that district courts lack jurisdiction to review a district director's denial of adjustment of status. Further, § 1329 "was amended by § 381 of the Illegal Immigration Reform and Immigrant Responsibility Act ('IIRIRA') and no longer provides jurisdiction for suits filed on or after October 1, 1996." *Zheng,* 1998 WL 702318, at *4.

In their cross-motion to dismiss the present action, the INS asserts that the Court does not have subject matter jurisdiction, based upon 8 U.S.C. § 1252(a)(2)(B)(i) (Supp. II 1996), which states in relevant part, "[n]otwithstanding any other provision of law, no court shall have jurisdiction to review—(i)any judgment regarding the granting of relief under section ... 1255 of this title." Section

1255 governs the criteria for granting applications for adjustment of status. That provision therefore effectively bars judicial review of a § 1255 application denial. *See Zheng,* 1998 WL 702318, at * 3. The disposition in *Zheng* supports this notion. There the court stated that it was "unaware of any basis upon which it could entertain jurisdiction over a section 1255 denial of adjustment of status . . . ." *Id.* at *5. Courts generally have determined that judicial review of immigration matters is extremely limited. *See e.g., Landon v. Plasencia,* 459 U.S. 21, 34, 103 S.Ct. 321, 74 L.Ed.2d 21 (1982) ("Control over matters of immigration is a sovereign prerogative, largely within the control of the Executive and Legislature."); *United States v. Valenzuela-Bernal,* 458 U.S. 858, 864, 102 S.Ct. 3440, 73 L.Ed.2d 1193 (1982) ("The power to regulate immigration—an attribute of sovereignty essential to the preservation of any nation—has been entrusted by the Constitution to the political branches of the Federal Government."); *Fiallo v. Bell,* 430 U.S. 787, 792, 97 S.Ct. 1473, 52 L.Ed.2d 50 (1977) (holding that "it is important to underscore the limited scope of judicial inquiry into immigration legislation.").

## C. *Mootness*

The INS asserts that subject matter jurisdiction here can also be challenged on the ground that Sadowski's action is moot. *See* Government's Memorandum of Law in Opposition to Motion for Summary Judgment and in Support of Cross–Motion, dated Jan. 12, 2000 ("Government Memo") at 12. The prohibition on review of moot cases arises from "the Article III requirement that federal courts adjudicate only 'Cases' and 'Controversies' ". *In re Kurtzman,* 194 F.3d 54, 58 (2d Cir.1999). A case is moot "when it becomes impossible for the courts through the exercise of their remedial powers, to do anything to redress the injury". *Cook v. Colgate,* 992 F.2d 17, 19 (2d Cir.1993) (quoting *Alexander v. Yale,* 631 F.2d 178, 183 (2d Cir.1980)).

The INS asserts that the passing of the relevant deadline for adjustment of status renders Sadowski's action moot, as an individual who is over the age of twenty-one at the time of processing is no longer eligible for legal permanent resident status, thus providing no claim for this Court to adjudicate. *See* Government Memo at 12. As previously noted, in order to achieve derivative beneficiary status, an applicant must be younger than twenty-one at the time legal permanent resident status is granted, regardless of the application date. *See* Reply Memo at 3. When a relevant deadline for adjustment of status has passed, a request for relief is deemed plainly moot, depriving district courts of subject matter jurisdiction. *See Cook,* 992 F.2d at 19; *Zapata v. Immigration and Naturalization Serv.,* 93 F.Supp.2d 355, 358 (S.D.N.Y.2000).

## D. *Exhaustion of Administrative Remedies*

Beyond the mootness issue, Sadowski faces another jurisdictional obstacle to bringing his action before the Court. There is no indication from the pleadings that Sadowski has appealed the decision of the INS to the Board of Immigration Appeals. "As a matter of jurisdiction, courts may not review the administrative decisions of the INS unless the appellant has first exhausted all administrative remedies." *Cardoso v. Reno,* 216 F.3d 512, 517 (5th Cir.2000) (internal quotations omitted) (quoting *Camacho–Marroquin,* 188 F.3d 649, 651 (5th Cir.1999)). In *Cardoso,* a case with a fact pattern almost identical to Sadowski's, the court held that the claimant could not directly appeal the immigration judge's denial of adjustment of status at the district court level, but could renew her application only during deportation proceedings. *See id.* (citing 8 C.F.R. § 245.2(a)(5)(ii)(1999)); *see also McBrearty v. Perryman,* 212 F.3d 985, 987 (7th Cir.2000) (claimants' suit was "premature, since ... they could obtain review of the district director's decision by the Board of

Immigration Appeals if and when the immigration service institutes removal (i.e., deportation) proceedings against them"); *Howell,* 72 F.3d at 291 ("under the doctrine of exhaustion of remedies, a party may not seek federal judicial review of an adverse administrative determination until the party has first sought all possible relief within the agency itself".) Therefore, until Sadowski exhausts the administrative remedies available to him, there is a jurisdictional bar to bringing this claim before the Court.

### E. *Sadowski's Rebuttals*

In response to the INS's arguments that this Court lacks jurisdiction over the present matter pursuant to INA § 242(a)(B)(i), Sadowski concedes that the substance of the law is correct and simply states that "any provision of law which endeavors to strip the power of the federal judiciary to review decisions of a federal agency should be approached with extreme caution. On such slippery roads is democracy most often derailed." Plaintiff's Answer and Memorandum of Law in Opposition to Motion to Dismiss and in Support of Motion for Summary Judgment, dated Feb. 15, 2000 ("Answer") at 7. Ultimately, Sadowski appears to ask the Court to ignore INA § 242(a)(B)(i), stating in support of that proposition: "[i]f we remove the foundation from ... INA § 242(a)(B)(i) ...the court can still do what it does best: do justice". *Id.* at 8. Concerning the mootness of this matter, Sadowski states, "since the decision of the defendants was to deny Sadowski's case solely on the grounds that he no longer qualifies for a derivative immigrant visa because he is a minor ... the complaint is not at all moot". *Id.* at 6. However, Sadowski's argument overlooks that, for the exact reason he offers in support of the proposition that the case is not moot, the opposite is true, and thus no relief can be granted by this Court, regardless of whether or not the case has been substantively adjudicated.

*ORDER*

Accordingly, and for the reasons set forth in the foregoing Decision, it is hereby

**ORDERED** that Mariusz Sadowski's motion for summary judgment is denied; and it is further

**ORDERED** that defendants' cross motion to dismiss is granted.

The Clerk is directed to close this case. **SO ORDERED.**