**Radomir HOLASEK, Miriam Holaskova, Nikola Holaskova, and Lucyna Grezenda, Plaintiffs,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Immigration and Naturalization Service, Brian Perryman, and Janet Reno, Defendants.**

No. 99 C 8003.

United States District Court,
N.D. Illinois,
Eastern Division.

Nov. 28, 2000.

Malcolm B. Gerber, Chicago, IL, for Plaintiffs.

U.S. Atty's Office, Chicago, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

DARRAH, District Judge.

Plaintiffs, Radomir Holasek, Miriam Holaskova (husband and wife), Nikola Holaskova (Radomir and Miriam's minor daughter), and Lucyna Grzenda filed a complaint for mandamus and declaratory relief against defendants, the Department of Justice, the Immigration and Naturalization Service (INS), District Director Brian Perryman, and United States Attorney General Janet Reno seeking: to compel defendants to adjudicate their applications for adjustment of status; to declare defendants' failure to timely adjudicate and complete their applications for adjustment of status as arbitrary, capricious, and an abuse of discretion; to restrain defendants from further deportation and/or removal proceedings; and attorney fees and necessary compensation for the wrongful refusal to adjudicate plaintiffs' applications for adjustment of status. Before this Court is defendants' Motion to Dismiss under the Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction, failure to exhaust administrative remedies, and failure to state a claim.

On July 26, 1995, Ms. Grzenda was selected to participate in the Diversity Immigrant Visa Program (DIVP) for fiscal year 1996,—October 1, 1995 to September 30, 1996. Based on her selection, she filed an application for permanent residence in the United States on May 8, 1996. On January 26, 1999, the INS notified Ms. Grzenda that her application for adjustment of status had been denied under 8 U.S.C. § 1255(a)(3) because an immigrant visa was not available to her to support her application for adjustment of status.

In 1997, Mr. Holasek was selected to participate in the DIVP for fiscal year 1998,—October 1, 1997 to September 30, 1998. On October 28, 1997, he filed an application for permanent residence seeking an adjustment of status. On June 15, 1999, the INS notified Mr. Holasek that

his application was denied because an immigrant visa was not available to him under 8 U.S.C. § 1255(a)(3).

On October 28, 1997, Ms. Holaskova filed an application for permanent residence seeking adjustment as a diversity visa applicant based on her derivative classification as the spouse of the principal agent, Mr. Holasek. On December 7, 1998, the INS notified Ms. Holaskova that she was subject to removal from the United States because she had remained in the United States longer than permitted. On January 13, 1999, the INS notified Ms. Holaskova that her application for permanent residence seeking an adjustment of status was denied because an immigrant visa was not available to her under 8 U.S.C. § 1255(a)(3).

The DIVP makes available a limited number of immigrant visas to individuals from countries with historically low immigration admissions into the United States. For each fiscal year from 1995 to 1998, 55,000 visas are available to diversity immigrants and their family members. Under the program, individuals seeking a visa are required to submit a petition. At the close of the application period, a computer randomly selects applicants who are eligible to apply for a diversity visa. The selected applicants then apply for a diversity immigrant visa for that particular fiscal year. Being selected to apply does not mean the applicant is guaranteed a visa. The number of applicants selected by the computer far exceeds the number of diversity visas available for that particular fiscal year so some selected applicants are not able to secure a visa. See *Amoakowaa v. Reno,* 94 F.Supp.2d 903, 904 (N.D.Ill.2000) (summarizing application process).

Pursuant to the Immigration and Nationality Act (INA), 8 U.S.C. § 1255, the Attorney General is given discretion to adjust the status of a diversity immigrant to an alien lawfully admitted for permanent residence if the alien is qualified under the relevant provision. However, an applicant is not eligible for an adjustment of status until after he or she had been approved by the INS after an interview and a fingerprint clearance by the Federal Bureau of Investigation. If these prerequisites are satisfied, a visa can be issued, if available, for the applicable fiscal year.

In reviewing a Rule 12(b)(1) motion to dismiss that challenges the sufficiency of the courts of subject matter jurisdiction, this Court accepts as true all well-plead factual allegations and draws all reasonable inferences in favor of the plaintiff. *United Transp. Union v. Gateway Western Ry., Co.,* 78 F.3d 1208, 1210 (7th Cir. 1996). Dismissal is proper if it appears beyond doubt that the plaintiff cannot prove any set of facts consistent with the pleadings that would entitle him or her to the relief requested. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Plaintiffs first seek to compel defendants to adjudicate their applications for adjustment of status. The undisputed facts establish that plaintiffs' applications have been adjudicated and denied. Therefore, plaintiffs' claim that mandamus should issue to compel adjudication of their applications is dismissed.

■ Section 1252(a)(2)(B)(i) of the INA, 8 U.S.C. § 1252(a)(2)(B)(i), expressly divests this Court of jurisdiction to review a denial of an application for adjustment of status. See *McBrearty v. Perryman,* 212 F.3d 985, 987 (7th Cir.2000); *Amoakowaa,* 94 F.Supp.2d at 905; *Sadowski v. United States Immigration & Naturalization Service,* 107 F.Supp.2d 451, 453–54 (S.D.N.Y. 2000); *Diallo v. Reno,* 61 F.Supp.2d 1361, 1366–367 (N.D.Ga.); *Cf. Paunescu v. INS,* 76 F.Supp.2d 896, 900 (N.D.Ill.1999) ("[b]ecause plaintiffs have neither been denied nor granted relief, § 1252(a)(2)(B)(i) does not bar jurisdiction"). In relevant part, that section provides: "[n]otwithstanding any other provision of law, no court shall have jurisdiction to review any judgment regarding the granting of relief under section ... 1255 [governing adjustment of status]." 8 U.S.C. § 1252(a)(2)(B)(i).

In the instant case, the plaintiffs' application of adjustment of status has been denied, and this Court is without jurisdiction to grant any relief. See *McBrearty,* 212 F.3d at 987; *Amoakowaa,* 94 F.Supp.2d at 905; *Sadowski,* 107 F.Supp.2d at 453–54; *Diallo,* 61 F.Supp.2d at 1366–367.

■ In addition, as a matter of jurisdiction, a court may not review the administrative decisions of the INS unless the appellant has exhausted all administrative remedies available. 8 U.S.C. § 1252(d)(1); *McBrearty,* 212 F.3d at 987; *Cardoso v. Reno,* 216 F.3d 512, 518 (5th Cir.2000); *Sadowski,* 107 F.Supp.2d at 454–55. An individual denied an adjustment of status has the right to renew his or her request for adjustment of status upon the commencement of removal proceedings. See 8 C.F.R. § 245.2(a)(5)(ii)(1999); see also *McBrearty,* 212 F.3d at 987. Here, plaintiffs have failed to exhaust their administrative remedies because they may renew their request for adjustment of status upon the commencement of removal proceedings. See *McBrearty,* 212 F.3d at 987; *Cardoso,* 216 F.3d at 518; *Sadowski,* 107 F.Supp.2d at 454–55.

■ Plaintiff also argues this Court has mandamus jurisdiction pursuant to 28 U.S.C. § 1361. As discussed above, mandamus is precluded by 8 U.S.C. § 1252(a)(2)(B)(i), which provides that no court may exercise jurisdiction over a claim relating to relief under section 1255, "notwithstanding any other provision of law." The language "notwithstanding any other provision of law" would also include the independent ground of § 1361 conferring jurisdiction. See *Diallo,* 61 F.Supp.2d at 1367–368 (rejecting mandamus jurisdiction as an independent ground conferring jurisdiction given § 1252(a)(2)(B)(i)'s language); see also *Rusu v.. Reno,* 999 F.Supp. 1204, 1210 (N.D.Ill.1998) (holding that the INA precluded the court's jurisdiction under 28 U.S.C. § 1651 [All Writs Act]; finding that "only through a contorted reading of the provision [notwithstanding any other provision of law, no court shall have jurisdiction to hear] could a court conclude that 'any other provision of law' does not include ... jurisdiction pursuant to ... § 1651").

■ Even if mandamus jurisdiction were not precluded by the provisions of the INA, this Court could not invoke mandamus jurisdiction because, at the minimum, plaintiffs have another adequate remedy available. Mandamus jurisdiction can be invoked when: (1) the plaintiffs have a clear right to the relief sought; (2) the defendants have a clear duty to perform; and (3) no other adequate remedy is available. *Blaney v. United States,* 34 F.3d 509, 513 (7th Cir.1994). This Court need not address the first two factors because plaintiffs can raise their claims before an immigration judge during removal procedures. See *McBrearty,* 212 F.3d at 987; *Cruz v. INS,* 871 F.Supp. 1049, 1053 (N.D.Ill.1995).

■ Plaintiffs' claim is also not reviewable under the Administrative Procedure Act (APA). Section 704 of the APA provides in pertinent part: "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704. The District Director's decision is not made reviewable by statute and is not a final agency action. See 8 U.S.C. § 1252(a)(2)(B)(i); 8 C.F.R. § 245.2(a)(5)(ii); *Diallo,* 61 F.Supp.2d at 1367.

■ Finally, this Court lacks jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201. The Declaratory Judgement Act "does not confer jurisdiction but, rather, provides an additional remedy where jurisdiction already exists." *Balanyi v. Local 1031, Int'l Brotherhood of Elec. Workers AFL–CIO,* 374 F.2d 723, 726 (7th Cir.1967); *Amoakowaa,* 94 F.Supp.2d at 906.

Plaintiffs' complaint is dismissed under Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.