**Ly CHECKNAN, Plaintiff,**

v.

**Edward MCELROY, Defendant.**

**No. 02 Civ.6679 RLE.**

United States District Court, S.D. New York.

April 6, 2004.

Visuvanathan Rudrakumaran, New York City, for plaintiff.

James Loprest, Sp. Asst. U.S. Atty., S.D.N.Y. New York, New York City, for defendant.

## OPINION AND ORDER

ELLIS, United States Magistrate Judge.

### I. INTRODUCTION

Petitioner Ly Checknan ("Checknan") seeks a writ of mandamus and a declaratory judgment compelling the Immigration and Naturalization Service ("INS")[1] to place him in removal proceedings. Checknan alleges jurisdiction in his complaint under the declaratory judgment statutes, 28 U.S.C. §§ 2201, 2202; under the mandamus statute, 28 U.S.C. § 1361; under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et. seq.; and under the Immigration and Nationality Act's jurisdiction statute, 8 U.S.C. § 1329. In his papers, Checknan also contends that there is jurisdiction over a federal question under 28 U.S.C. § 1331. The parties have consented pursuant to 28 U.S.C. § 636(c) to have all matters resolved by the undersigned. The Government has moved to dismiss the complaint: (1) for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure; and (2) for failure to state a claim under Rule 12(b)(6).

For the reasons set forth below, Checknan's complaint is **DISMISSED** without prejudice.

### II. BACKGROUND

#### A. Factual History

Checknan, a citizen of the Republic of the Ivory Coast, entered the United States on July 25, 1990, under a temporary visitor's visa that authorized him to stay until October 25, 1990. Plaintiff's Complaint for Declaratory Relief and for a Writ in the Nature of Mandamus to Instruct Defendants [sic] to Place Him in Removal Proceedings ("Compl.") at ¶¶ 8(a), 8(d), 8(e). Checknan did not leave the United States when his stay expired. Compl. at ¶¶ 8(c), 8(f). He has been continuously physically present in the United States since his arrival. Compl. at ¶ 8 and Exhibit ("Exh.") D (Letter to District Counsel, INS, dated April 22, 2002). He also has three minor children who are United States citizens by birth. Compl. at Exh. A (Birth Certificates, Ousmane Ly, born May 5, 1996; Assahtra Ly, born April 23, 1999; and Thata Ly, born October 23, 2001).

#### B. Procedural History

On December 10, 1990, Checknan filed an application with the INS seeking asy-

---

1. The Immigration and Naturalization Service has ceased to exist as an independent agency. Certain of its functions have been transferred as of March 1, 2003, to the Department of Homeland Security, *see* Homeland Security Act of 2002, Pub.L. No. 107–296, 116 Stat. 2135 (Nov. 25, 2002), and the functions at issue here are being performed by what is now called the Bureau of Immigration and Customs Enforcement. Since the initial actions discussed here were made when the agency was still the INS, it is referred to as the INS in this decision for the sake of clarity.

lum in the United States and withholding of deportation to the Ivory Coast, pursuant to sections 208(a) and 243(h)(1) of the Immigration and Nationality Act of 1952 ("INA"), as amended, 8 U.S.C. §§ 1158(a), 1253(h)(1) (1988). Compl. at ¶ 8(f); Defendant's Memorandum of Law in Support of its Motion to Dismiss the Complaint ("Def.Mem.") at 4.

On May 2, 1996, Checknan was served with an Order to Show Cause ("OSC"), charging that he was deportable from the United States as an alien present in the United States in violation of law,[2] pursuant to former section 241(a)(1)(B) of the INA, 8 U.S.C. § 1251(a)(1)(B) (1988) (recodified without substantive alteration as INA § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B)). Compl. at ¶ 8(g) and at Exh. C (Board of Immigration Appeals' Decision, dated Jan. 31, 2002, setting forth deportation charge); Def. Mem. at 4.

On December 4, 1997, an immigration judge ("IJ") issued an order denying Checknan's application for asylum and withholding of deportation. Compl. at ¶ 8(i); Def. Mem. at 4. Checknan appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). Compl. at ¶ 8(j); Def. Mem. at 4. On August 1, 2000, the BIA issued a *per curiam* decision administratively closing Checknan's deportation proceeding so that the Attorney General could elect to terminate deportation proceedings, and reinstate the matter as removal proceedings. Compl. at Exh. B (Board of Immigration Appeals' Decision, dated Aug. 1, 2000). The BIA held that the IIRIRA gave the Attorney General discretion to terminate deportation proceedings in which no final administrative decision had been issued and reinstate the matter as a removal proceeding. Compl. at Exh. B. Further, the BIA stated that

this might make a non-lawful permanent alien such as Checknan eligible for "cancellation of removal," pursuant to section 240A(d)(1) of the INA, 8 U.S.C. § 1229b(d)(1) (Supp. IV 1998), by allowing him to avoid the "stop-time rule" in IIRIRA § 309(c)(5), 110 Stat. 3009–627 (1996) (providing that time counted towards an alien's fulfillment of seven years' continuous physical presence in the United States ceases when the alien is served with an Order to Show Cause). Compl. at Exh. B (citing Nicaraguan Adjustment and Central American Relief Act of 1997 ("NACARA"), Pub.L. No. 105–100, Title II § 203(a)(1), 11 Stat. 2160, 2196 (Nov. 19, 1997) (extending application of stop-time rule to aliens placed into deportation proceedings before April 1, 1997, IIRIRA's effective date)).

Checknan moved to reopen his terminated deportation proceedings so that he could apply for cancellation of removal. Compl. at ¶ 8(l) and at Exh. C (Board of Immigration Appeals' Decision, dated Jan. 31, 2002). The BIA issued a *per curiam* decision denying Checknan's request to reinstate proceedings because only the INS had the authority to terminate deportation proceedings, and recharge in removal proceedings. *Id.* The BIA directed Checknan to file his request to the INS. *Id.*

In a letter dated April 22, 2002, Checknan requested that the INS "repaper" him and reinstate the matter as removal proceedings so that he could apply for cancellation of removal. *Id.* at ¶ 8(n) and at Exh. D (Letter to District Counsel, INS, dated April 22, 2002). Thus far, the INS has not responded to Checknan's request. *Id.* at ¶¶ 8(o)–8(r).

On August 21, 2002, Checknan filed this complaint seeking (1) a writ of mandamus;

---

**2.** Checknan incorrectly states that the OSC was issued on September 11, 1990, but, on that date, Checknan's temporary visitor visa was still valid. *Compare* Compl. ¶ 8(g) with ¶ 8(e).

and (2) a declaratory judgment compelling the INS to place him in removal proceedings. On August 7, 2003, the Government moved to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a cognizable claim.

## III. ANALYSIS

### A. Subject Matter Jurisdiction

On a motion to dismiss, the factual allegations contained in the complaint are accepted as true, and the plaintiff given the benefit of all reasonable inferences. *See Conboy v. A T & T Corp.,* 241 F.3d 242, 246 (2d Cir.2001); *see also Gant v. Wallingford Bd. Of Educ.,* 69 F.3d 669, 673 (2d Cir.1995). The Court must not weigh the evidence that would have been presented at trial, but "merely [ ] determine whether the complaint itself is legally sufficient." *Goldman v. Belden,* 754 F.2d 1059, 1067 (2d Cir.1985). Therefore, the Government's motion to dismiss may only be granted if Checknan can prove no set of facts entitling him to the relief requested. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Connolly v. McCall,* 254 F.3d 36, 40 (2d Cir.2001). Checknan must demonstrate the basis for jurisdiction on the face of the complaint. *See Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); *Fleet Bank, N.A. v. Burke,* 160 F.3d 883, 885–86 (2d Cir.1998).

In its motion to dismiss pursuant to Rule 12(b)(1), the Government argues that Checknan has failed to offer grounds that would confer jurisdiction on this Court to compel the INS to place him in removal proceedings.

### 1. Neither the Declaratory Judgment Act nor the Mandamus Statutes Provide a Basis for Jurisdiction

▮ The declaratory judgment statutes, 28 U.S.C. §§ 2201, 2202, are not an independent basis for subject matter jurisdic-

tion in the district courts. *See Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 671–72, 70 S.Ct. 876, 94 L.Ed. 1194 (1950). Unless Checknan's claim itself involves a federal question, no subject matter jurisdiction exists.

▮ Invoking the mandamus statute does not cure this problem. "The common law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if defendant owes him a clear non-discretionary duty." *Sadowski v. INS,* 107 F.Supp.2d 451, 453 (S.D.N.Y.2000) (internal quotations and citations omitted). Matters within the INS's discretion are not reviewable under the mandamus statute. *See Hsieh v. Kiley,* 569 F.2d 1179, 1182 (2d Cir.1994) (district court does not have jurisdiction under the APA or mandamus statute to compel the INS to pursue inquiry into rescinding alien's status since matter is solely within INS's discretion). Moreover, IIRIRA § 309(c)(3) "confers complete discretion on the Attorney General regarding whether to repaper a particular case." *Rojas–Reyes v. INS,* 235 F.3d 115, 126 (2d Cir.2000). Similarly, the courts have repeatedly found that mandamus relief is not available for delays in processing applications. *See Sadowski,* 107 F.Supp.2d at 453. Here, Checknan has not exhausted all available remedies of relief because the INS has yet to issue a decision either denying or instituting removal proceedings. In addition, Checknan is arguing that the INS owes him a duty, but the requested action is clearly within the discretion of the Attorney General.

### 2. Checknan's Claims are Barred by the APA

▮ The APA itself does not confer jurisdiction on a district court to review the decision of an administrative agency.

*See Califano v. Sanders,* 430 U.S. 99, 107, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977); *Clark v. Commodity Futures Trading Commission,* 170 F.3d 110, 113 n. 1 (2d Cir.1999); *B.K. Instrument, Inc. v. United States,* 715 F.2d 713, 723 (2d Cir.1983). Although there is a presumption in favor of judicial review of agency actions, that presumption may be overcome if the statutory scheme indicates that Congress intended to preclude judicial review. *See Block v. Community Nutrition Institute,* 467 U.S. 340, 349, 104 S.Ct. 2450, 81 L.Ed.2d 270 (1984); *Dew v. United States,* 192 F.3d 366, 371–72 (2d Cir.1999). Under 5 U.S.C. § 701(a)(2), the APA does not apply "to the extent that ... agency action is committed to agency discretion by law." "[W]here a decision is committed to agency discretion, 'review is not to be had if the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion.'" *Dina v. Attorney General,* 793 F.2d 473, 476 (2d Cir. 1986) (*quoting Heckler v. Chaney,* 470 U.S. 821, 830, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985)); *see also Lincoln v. Vigil,* 508 U.S. 182, 190–91, 113 S.Ct. 2024, 124 L.Ed.2d 101 (1993); *Marlow v. U.S. Dept. of Education,* 820 F.2d 581, 582 (2d Cir.1987) (*per curiam* ). Thus, the INS has non-reviewable discretion in its determination whether to institute removal proceedings against Checknan.

The APA limits the ability of this Court to review the INS's refusal to take any enforcement action. " '[G]eneral unsuitability for judicial review of agency decisions to refuse enforcement,' arises because failure to act is hard to review; by contrast, 'when an agency *does* act to enforce, that action itself provides a focus for judicial review, inasmuch as the agency must have exercised its power in some manner.'" *Dina v. Attorney General,* 793 F.2d at 477 (concurring opinion) (*quoting Heckler v. Chaney,* 470 U.S. at 831–832, 105 S.Ct. 1649) (emphasis in original). If the INS chooses to institute removal proceedings and grant Checknan's request, this motion compelling removal proceedings would be rendered moot.

Although Checknan relies on *Yu v. Brown,* 36 F.Supp.2d 922 (D.N.M.1999), to argue that this Court, under the APA, should have jurisdiction to consider claims in which the INS delayed processing for one year, Checknan's reliance is unavailing. In *Yu v. Brown,* the court held that where the INS normally processed such applications in six months, a delay of one year was unreasonable as a matter of law. *See* 36 F.Supp.2d at 935. Here, unlike *Yu v. Brown,* Checknan has failed to state the typical processing time for such applications and to show that his application is not being processed in a timely fashion. Moreover, as stated in 8 U.S.C. § 1229b(e)(1), the Attorney General may not cancel the removal and adjust the status of a total of more than 4,000 aliens in any fiscal year. Therefore, as stated in *Yu v. Brown,* "the reasonableness of such delays depends on the facts and circumstances of each individual case." 36 F.Supp.2d at 935.

### 3. Checknan's Claims are Barred by the Immigration and Nationality Act's Jurisdiction Statute, 8 U.S.C. § 1329

Despite Checknan's claim, this Court does not have subject matter jurisdiction to review his claim under the Immigration and Nationality Act's jurisdiction statute, 8 U.S.C. § 1329. This section states, in relevant part, that it shall not "be construed as providing jurisdiction for suits against the United States or its agencies or officers." Thus, although this Court has general jurisdiction to review actions of the INS, it lacks jurisdiction to compel the INS to act in matters that are clearly within the discretion of the INS,

particularly where there has been no final determination by the administrative agency. *See Howell v. INS*, 72 F.3d 288 (2d Cir.1995) (alien failed to exhaust administrative remedies and alien must pursue these remedies rather than seek review in district court pursuant to 8 U.S.C. § 1329).

## B. Checknan's Claims are Barred under the Federal Question Statute

█ Checknan alleges that 28 U.S.C. § 1331 gives this Court subject matter jurisdiction. However, as the Second Circuit has stated regarding 28 U.S.C. § 1331, "[f]ederal question jurisdiction generally exists only when a well-pleaded complaint raises issue of federal law on its face." *Smith v. Dunham–Bush, Inc.*, 959 F.2d 6, 8 (2d Cir.1992). Here, Checknan has failed to identify an interest of which he has been deprived that is protected by federal law. Since the INS has not yet issued a decision on whether to institute removal proceedings, Checknan has not been deprived of his right to due process.

## IV. CONCLUSION

For the foregoing reasons, the complaint is DISMISSED without prejudice and the clerk is directed to enter the judgment against Plaintiff.