Ravi **ARYA** and Preeti Ninda Wat **Arya**, Plaintiffs,

v.

**DIRECTOR, DETROIT DISTRICT, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICE and Department of Homeland Security,** Defendants.

Civil No. 08–12357.

United States District Court, E.D. Michigan, Southern Division.

June 23, 2008.

---

Roger R. Rathi, Legalquest Network, Southfield, MI, for Plaintiffs.

**ORDER DISMISSING CASE FOR LACK OF JURISDICTION AND DENYING PLAINTIFFS' EMERGENCY MOTION TO EXTEND EMPLOYMENT AUTHORIZATION**

JOHN FEIKENS, District Judge.

On May 19, 2008, Defendant United States Immigration and Citizenship Service (USCIS) denied Plaintiff Ravi Arya's application to become a permanent resident. Shortly thereafter, Mr. Arya and his wife, Plaintiff Preeti Nindawat\Arya, filed this suit against USCIS and the Department of Homeland Security (DHS), alleging that USCIS made incorrect legal conclusions and failed to consider all of the necessary factors in denying Mr. Arya's application. In their complaint, the Aryas seek a writ of mandamus and declaratory judgment. The Aryas' suit was accompanied by an emergency motion requesting that the Court temporarily extend the Aryas work authorization. For the reasons set forth below, I DISMISS this case for lack of jurisdiction and DENY the Aryas' emergency motion for an extension of their work authorization.

**FACTUAL AND PROCEDURAL BACKGROUND**

Ravi Arya entered the United States on a professional worker visa in 1997. In 2003, he married Co–Plaintiff Preeti Nindawat Arya. Mr. Arya's employer filed an immigrant petition for alien worker (form I–140) on Mr. Arya's behalf and the petition was approved by DHS. In June 2004, the Aryas applied to become permanent residence (form I–485). This is popularly known as filing for a "Green Card." Although Mrs. Arya filed a separate application, her application was entirely depen-

dent on Mr. Arya's application because it was premised on his immigrant petition for alien worker.

In June 2007, Mr. Arya was interviewed by a USCIS adjudication officer. During the interview, Mr. Arya admitted that during his time in the United States he had been arrested several times and had charges pending against him in Troy, Michigan for assault and battery. In November 1999, Mr Arya was arrested for felonious assault on his live-in girlfriend. He was found guilty, placed on probation and the offense was ultimately dismissed. In April 2001, Mr. Arya was arrested and charged with home invasion and assault with intent to do great bodily harm. He pled guilty to reduced charges of entry without permission and assault and battery and served one year of probation before the case was dismissed. In December 2003, Mr. Arya was arrested for Domestic Violence–Assault. The case was adjourned while Mr. Arya completed anger management courses and dismissed after he completed the required training. Another charge of domestic violence was brought against Mr. Arya in Cassopolis, Michigan and dismissed in May 2004. And in April 2007, Mr. Arya was arrested and charged with domestic violence in Troy, Michigan. The case against him was later dismissed.

On May 19, 2008, the USCIS issued a written decision denying Mr. Arya permanent resident status. The decision included a detailed review of Mr. Arya's criminal history and concluded that "[u]pon a close review of your service record it cannot be concluded that your application warrants a favorable exercise of discretion." The decision also terminated the Aryas temporary work authorization.

On June 3, 2008, the Aryas filed a complaint against USCIS and DHS alleging that in making its decision to deny Mr. Aryas permanent resident status USCIS had not considered all the evidence, had failed to weigh the factors favoring Mr. Arya's application, and had incorrectly considered dismissed criminal cases as negative factors. Their suit seeks a writ of mandamus and declaratory judgment. Along with their suit, the Aryas filed an emergency motion asking the Court to extend their work authorization.

## ANALYSIS

■ Under 8 U.S.C. § 1255(a), the Attorney General of the United States has discretion to grant certain non-citizens status as permanent residents. Congress has clearly stated that courts do not have jurisdiction to review discretionary decisions made under section 1255.[1] 8 U.S.C. § 1253(a)(2)(B)(I). Although courts do not have jurisdiction to review discretionary decision to grant or withhold permanent resident status, they "may review the non-discretionary decisions that underlie decisions that are ultimately discretionary." *Billeke–Tolosa v. Ashcroft*, 385 F.3d 708, 711 (6th Cir.2004).

---

1. Once removal proceedings have been initiated, "[t]he Aryas will be able to renew their applications for adjustment of status before the immigration judge and will be able to reapply for employment authorization if they have an adjustment of status application pending." Declaration of Douglas Pierce, Defendants' Motion to Dismiss, Ex. C ¶ 10; see also, 8 C.F.R. § 245.2(a)(5)(ii); *McBrearty v. Perryman*, 212 F.3d 985, 987 (7th Cir.

2000)("The suit [seeking district court review of denials of adjustment of status to lawful permanent resident under 8 U.S.C. § 1255] was premature, since, as the plaintiffs acknowledge, they could obtain review of the district director's decision by the Board of Immigration Appeals if and when the immigration service institutes removal (i.e., deportation) proceedings against them.").

The USCIS exercised its discretion to deny Mr. Arya permanent resident status. As part of exercising its discretion, USCIS chose which factors it would consider and how much weight it would give each factor. In their complaint, the Aryas allege that the USCIS did not consider all the evidence, failed to weigh the factors favoring Mr. Aryas application and incorrectly considered dismissed criminal cases in making its decision. All of these allegations, however, involve discretionary decisions that this Court does not have jurisdiction to review.

If a federal district court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3). Because I have determined that I lack subject matter jurisdiction over this matter, I must dismiss this case.

Because I do not have jurisdiction over this matter, the Aryas* emergency motion to extend their work authorization is moot.

## CONCLUSION

For the reasons set forth above, I DISMISS this action for lack of jurisdiction and DENY the Aryas' emergency motion to extend their work authorization.

**IT IS SO ORDERED.**