WAN SHIH HSIEH, Plaintiff-Appellant,

v.

Maurice F. KILEY, District Director, Immigration and Naturalization Service, United States Department of Justice, Defendant-Appellee.

No. 439, Docket 77–6144.

United States Court of Appeals, Second Circuit.

Argued Dec. 5, 1977.

Decided Jan. 12, 1978.

David C. Buxbaum, New York City, for plaintiff-appellant.

Robert S. Groban, Jr., Special Asst. U. S. Atty., New York City (Robert B. Fiske, Jr., U. S. Atty., S.D.N.Y., Patrick H. Barth, Asst. U. S. Atty., New York City, of counsel), for defendant-appellee.

Before LUMBARD, SMITH and MANSFIELD, Circuit Judges.

MANSFIELD, Circuit Judge:

Wan Shih Hsieh, a permanent resident alien of Chinese origin, appeals from an order of the Southern District of New York, Lloyd F. MacMahon, *Judge*, dismissing her complaint, which purports to invoke federal jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, and Administrative Procedure Act, 5 U.S.C. §§ 701, *et seq.*, seeking an order directing the Immigration and Naturalization Service ("INS") to pursue and complete an investigation requested of it by the United States Consul in Taiwan into the question of whether her permanent resident status should be rescinded pursuant to § 246(a) of the Immigration and Nationality Act (the "Act") on the ground that it had been acquired through fraud. 8 U.S.C. § 1256(a). We affirm, but with clarification as to the INS's investigative duties in the matter, in view of the district court's opinion on this subject.

Appellant, a native and citizen of Taiwan, was in 1966 admitted into the United States as a non-immigrant, leaving her husband and three children in Taiwan. In February, 1973, appellant invested $7,000 in the Hsin Hsin Chinese Restaurant in Brooklyn, becoming a shareholder of the corporation that owns the restaurant. On April 11, 1973, the United States Department of Labor issued a labor certification to the restaurant authorizing employment of appellant as a specialty chef on the basis of her sworn statement that from 1959 through 1966 she had been employed as a chef in the Kwok Kong Restaurant in Taipei City, Taiwan. Armed with this certificate, the Hsin Hsin Restaurant on April 30, 1973, petitioned the INS to qualify appellant as a sixth preference immigrant pursuant to § 203(a)(6) of the Act, 8 U.S.C. § 1153(a)(6), which was approved on August 9, 1973. On November 9, 1973, appellant's status was accordingly adjusted by the INS to that of permanent resident alien, see § 245 of the Act.[1]

Having successfully gained permanent resident status for herself, appellant next sought to assist her children in Taiwan to enter the United States as immigrants by petitioning the INS on their behalf to grant them second preference status under § 203(a)(2) of the Act, 8 U.S.C. § 1153(a)(2).[2] On April 9, 1975, the INS approved these preference petitions and on July 15, 1975, the children applied to the United States Consulate in Taiwan for immigrant visas. In reviewing their applications the Consul discovered that appellant's "household register," an official record kept by the Taiwan government of her education, occupation and employment, did not reveal her claimed earlier employment at the Kwok Kong Restaurant in Taipei City, which had been the predicate for her United States labor certification, sixth preference classification, and adjustment of status, which in turn was the predicate for approval of her children's visa applications as second preference immigrants.

---

1. Appellant's application was denied to the extent that it sought to adjust the status of her children also to permanent resident aliens. This relief was not available to appellant's children under § 245 since they were not in the United States but in Taiwan.

2. The purpose of this procedure is merely to verify the relationship between the permanent resident in the United States and his or her relatives located outside of the United States in order to determine whether the latter qualify for preferential treatment under § 203 of the Act. See 8 C.F.R. § 204.1(a).

Apparently suspecting that appellant's status may have been procured by fraud, the Consul held up issuance of the visas to her children and requested the INS to forward copies of her adjustment application and to investigate the basis of her adjustment of status and whether she had in fact. worked as a chef at the Kwok Kong Restaurant in Taipei City as represented. In the meantime appellant's son executed in Taiwan a sworn statement that his mother had not to his knowledge worked as a chef in Taiwan before going to the United States but had worked as a pedicab driver.

On August 2, 1976, the INS conducted an interview of appellant in which it sought unsuccessfully to elicit information from her regarding her employment as a chef in Taiwan before coming to the United States in 1966. The interview proved a failure, principally because of differences over the accuracy of the interpretation (appellant does not speak English) and objections to the relevancy of questions. On the following day, appellant instituted the present action, claiming unreasonable delay by the INS in its investigation and seeking an order directing the Consul to issue the immigration visas to the children and directing the INS to complete its investigation and furnish its report immediately to the American Embassy in Taiwan concerning whether appellant had fraudulently obtained her status. In the alternative, appellant sought an order granting the visas to the children and a declaratory judgment that the children are eligible for adjustment of status and that the INS's failure to respond to the Consul and to appellant's petition is illegal. After an initial application for immediate relief was, after hearing, denied by Judge Wyatt, and appellant thereafter failed to comply with pretrial orders issued by the district court, Judge MacMahon, by memorandum opinion dated August 24, 1977, denied plaintiff's motion for summary judgment and granted defendant's motion to dismiss the complaint.

Judge MacMahon held that the federal court lacked jurisdiction to review the Consul's decision and that, although the INS owed a duty to complete within a reasona-ble time its investigation into possible fraud on appellant's part in obtaining her status as a permanent alien resident (at least insofar as the issue was relevant to her petitions to the INS for preference status for her children as a basis for their immigration), the INS had not abused its discretion in failing to do so by the time this action was commenced, in view of all of the circumstances, including "the low priority given to such investigations and the other prior investigative responsibilities of INS." From this order Hsieh appeals.

## DISCUSSION

The district court correctly held that no jurisdictional basis exits for review of the action of the American Consul in Taiwan suspending or denying the issuance of immigration visas to appellant's children there. It is settled that the judiciary will not interfere with the visa-issuing process. *Gomez v. Kissinger,* 534 F.2d 518 (2d Cir. 1976); *Pena v. Kissinger,* 409 F.Supp. 1182, 1185–88 (S.D.N.Y.1976). In *Kleindienst v. Mandel,* 408 U.S. 753, 766, 92 S.Ct. 2576, 2583, 33 L.Ed.2d 683 (1972), the Supreme Court stated the basic principle:

> " 'The power of Congress to exclude aliens altogether from the United States, or to prescribe the terms and conditions upon which they may come to this country, and to have its declared policy in that regard enforced exclusively through executive officers, without judicial intervention, is settled by our previous adjudications.' "

The jurisdiction of federal courts to review the INS's action in conducting or completing an investigation requested by some other branch of the government, such as the State Department, would similarly depend on the existence of a statutory authorization or mandate from Congress. No such authorization is shown or appears to exist. The Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.,* cited in appellant's complaint is remedial, not jurisdictional, *Schilling v. Rogers,* 363 U.S. 666, 677, 80 S.Ct. 1288, 4 L.Ed.2d 1478 (1960); *Skelly Oil*

*Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 671, 70 S.Ct. 876, 94 L.Ed. 1194 (1950), and the Administrative Procedure Act, also cited, does not provide subject matter jurisdiction. *Califano v. Sanders,* 430 U.S. 99, 105, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977); *Small v. Kiley,* 567 F.2d 163, 164 n. 1 (2d Cir. 1977).

Although not referred to as a jurisdictional basis in her complaint, appellant now contends that the district court is empowered to compel the INS to complete its investigation into her immigration status by 28 U.S.C. § 1361, which authorizes district courts to assume jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States . . . to perform a duty owed to the plaintiff." Putting aside the question of whether appellant, in view of the INS's offer to continue its investigation if appellant will cooperate, is eligible to invoke such relief, appellant's contention must be rejected for the reason that the INS is under no duty to conduct an investigation for the purpose of determining whether visas should be issued to aliens in foreign countries by the State Department pursuant to § 104 of the Act, 8 U.S.C. § 1104. The sole duty of the INS in this context was to determine whether appellant's petition for preference status for her children in Taiwan, based on their relationship to her, should be granted under § 203(a)(2) of the Act, 8 U.S.C. § 1153(a)(2), see 8 C.F.R. § 204, 22 C.F.R. § 42.40. This it has done, approving appellant's preference petition on April 9, 1975.

The investigation which appellant seeks to compel the INS to complete in the present action is not directed toward the preference petitions for the children but the question of whether appellant fraudulently acquired her immigration status. Whether the INS pursues this latter inquiry further and, if so, whether it will institute proceedings to rescind her status are matters solely within the INS's discretion, see *United States v. Santelises,* 476 F.2d 787, 790 (2d Cir. 1973); *United States ex rel. Masucci v. Follette,* 272 F.Supp. 563, 565 (S.D.N.Y. 1967), and hence are not reviewable under the Administrative Procedure Act or 28 U.S.C. § 1361. Moreover, the INS has five years from the date when appellant acquired her permanent resident status within which to institute rescission proceedings. *Zaoutis v. Kiley,* 558 F.2d 1096 (2d Cir. 1977). In short, neither the children's application for admission into the United States as immigrants nor the Consul's request to the INS create a duty on the part of the INS to appellant to investigate whether rescission proceedings should be instituted, much less to complete any such investigation within a shorter period than that provided by § 246(a) of the Act, 8 U.S.C. § 1256(a). Aside from our powerlessness to intervene, the judicial creation of such a duty would have the potential for mischievous interference with the functioning of already overburdened administrative agencies.

In stating in its opinion that the INS had a duty under 8 C.F.R. § 205 and 22 C.F.R. § 42.43 to conduct and complete the investigation requested by the Consulate, the district court appears to have confused the INS's duty to act on *preference petitions,* which are concerned solely with the family relationship between the parties, with the question of whether the INS must investigate alleged fraud in obtaining a permanent resident status. These matters are entirely separate and distinct. Since there is no question as to the parent-child relationship between appellant and her children in Taiwan, the preference petitions were approved by the INS on April 9, 1975. The INS's duty in the matter ended there. To the extent that the district court's opinion states that the INS is under a further duty to investigate a fraudulently-obtained preference status it is vacated.

The order of the district court is affirmed.