**Marylouis FRIEDBERGER**

v.

**George P. SCHULTZ, The Secretary of State.**

**Civ. A. No. 85–4514.**

United States District Court, E.D. Pennsylvania.

Aug. 22, 1985.

**1316**

James J. Orlow, Philadelphia, Pa., for plaintiff.

Joan K. Garner, Philadelphia, Pa., for defendant.

## MEMORANDUM

O'NEILL, District Judge.

Plaintiff is an American citizen who has petitioned the Department of State to issue a visa under 8 U.S.C. § 1101(a)(15)(K) to her fiance, Ibrahim Elkaddi, a Libyan national who presently is in Libya. The Department has informed plaintiff that Mr. Elkaddi is subject to the two year foreign residence requirement found in 8 U.S.C. § 1182(e). As a consequence, Mr. Elkaddi would be precluded from using a "K" visa to enter this country until September of 1986. Plaintiff has filed this complaint which seeks a judgment declaring that 8 U.S.C. § 1182(e) does not apply to an application for a "K" visa.[1] A hearing was held on her motion for preliminary injunction, which, by consent of counsel, will now be deemed to have been a final hearing.

Mr. Elkaddi formerly was an exchange visitor under a "J" visa, see 8 U.S.C. § 1101(a)(15)(J). He was an architectural student at the University of Pennsylvania. 8 U.S.C. § 1182(e) requires an exchange visitor to return to his home country for two years before he can be eligible for an immigrant visa, permanent residence or a non-immigrant visa of type "H" and "L". ("H" visas permit temporary residence by persons whose work is of special merit, *e.g.*, opera singers and professional athletes; "L" visas are for temporary residents sent here by their employers pursuant to an intra-corporate transfer.)

Plaintiff petitioned for a "K" visa for Mr. Elkaddi, 8 U.S.C. § 1101(a)(15)(K). A "K" visa is a non-immigrant visa not mentioned in 8 U.S.C. § 1182(e). A "K" visa allows the fianceé or fiancé of an American citizen to enter the United States in order to get married. If the alien marries the American citizen who petitioned for the visa within three months he or she may apply for permanent residence; otherwise the alien is subject to deportation. 8 U.S.C. § 1184(d).

Although § 1182(e) does not mention "K" visas, the Department of State applies that section to "K" visas. The basis for its action is 22 C.F.R. § 41.66, which provides, *inter alia:*

"(c) Determination of the eligibility of an alien to receive a visa under section 101(a)(15)(K) [8 U.S.C. § 1101(a)(15)(K)] of the Act shall be made, insofar as practicable, as if the alien were an applicant to receive an immigrant visa.

(d) If it is determined that the alien would be eligible in all respects to receive an immigrant visa, the consular officer may issue a non-immigrant visa under the provisions of the section to the alien."

The Foreign Affairs Manual, in Note 6 to § 41.66, interprets this regulation to mandate the result reached in this case:

"Since section 212(e) [§ 1182(e)] of the Act precludes the acquisition of permanent residence by a former exchange visitor who is subject to the provisions thereof unless the former exchange visitor has resided and been physically present in his country of nationality or last residence for at least two years or

---

[1]. Jurisdiction is based on 28 U.S.C. § 1331 and 8 U.S.C. § 1329. Although the complaint does not cite the Declaratory Judgment Act, 28 U.S.C. § 2201–2, the Court will construe the complaint as having been filed pursuant to that statute.

has obtained a waiver of the requirement, an applicant for a K visa who is subject to the provisions of section 212(e) must, before a K visa may be issued to him, establish that he has fulfilled the requirement of section 212(e) or that he has obtained a waiver."

Plaintiff asked the Secretary of State for an interpretation of these regulations as applied to Mr. Elkaddi. She has been informed that the policy of the State Department as expressed in the regulation is clear and that Mr. Elkaddi is required to finish his two-year foreign residence requirement. Plaintiff now asks this Court to declare that 22 C.F.R. § 41.66 and note 6 thereunder conflict with the plain language of § 1182(e) and the intent of Congress in enacting § 1182(e) and creating the "K" visa.

8 U.S.C. § 1182(e) provides for a waiver of the two-year residence requirement when the alien's home country furnishes the Secretary of State with a statement in writing that it has no objection to such a waiver. The government argues that Mr. Elkaddi must "exhaust his administrative remedies" by seeking such a statement and waiver. Plaintiff's counsel asserts that such an attempt would be a futile gesture given the possibly hostile nature of the Libyan government, see, e.g., El-Werfalli v. Smith, 547 F.Supp. 152 (S.D.N.Y.1982); further, that it might be difficult or impossible for Mr. Elkaddi to procure a written statement from his government to our Secretary of State because the United States has no diplomatic relations with Libya.

The Government asserts that the matter is not ripe for judicial review, but has cited no authority which suggests that failure to apply for such a statement and waiver precludes our consideration of plaintiff's claim. Given the urgency of the matter, we believe that it is in the interest of justice to proceed.[2]

The government also contends that this Court has no subject matter jurisdiction, citing *Rivera de Gomez v. Kissinger,* 534 F.2d 518 (2nd Cir.1976), *cert. denied,* 429 U.S. 897, 97 S.Ct. 262, 50 L.Ed.2d 181 (1977); *Burrafato v. United States Department of State,* 523 F.2d 554 (2d Cir.), *cert. denied,* 424 U.S. 910, 96 S.Ct. 1105, 47 L.Ed.2d 313 (1976); *Hsieh v. Kiley,* 569 F.2d 1179, 1181 (2nd Cir.1978); *Ventura Escamilla v. Immigration and Naturalization Service,* 647 F.2d 28 (9th Cir.1981). Those cases stand for the proposition that "[t]his Court is without power to substitute its judgment for that of a Consul, acting pursuant to valid regulations promulgated by the Secretary, on the issue of whether a visa should be granted or denied." *Ventura Escamilla v. Immigration and Naturalization Service,* 647 F.2d at 32.

■ Before us, however, is the complaint of an American citizen that she has been adversely affected by the Department of State's application of an invalid regulation to her petition. The Supreme Court has entertained a challenge by American citizens to a denial of a visa to an alien without expressing any doubt about its subject matter jurisdiction. *See Kleindienst v. Mandel,* 408 U.S. 753, 92 S.Ct. 2576, 33 L.Ed.2d 683 (1972). Section 279 of the Immigration and Nationality Act, 8 U.S.C. § 1329, confers upon district courts jurisdiction of all causes arising under subchapter II of the Act, which includes the provisions of the Act relating to immigration. *Acosta v. Gaffney,* 558 F.2d 1153, 1155 (3d Cir.1977). This jurisdiction extends to cases brought by American citizens who are adversely affected or aggrieved by the action of the Department of State. *Id.* at 1156–1157; *see also* Administrative Procedure Act, 5 U.S.C. § 701–706. We therefore hold that we have jurisdiction of the present action.

■ The power of Congress to prescribe the terms and conditions upon which aliens may enter this country is plenary and not subject to judicial intervention. *See Kleindienst v. Mandel,* 408 U.S. 753, 766, 92 S.Ct. 2576, 2583, 33 L.Ed.2d 683 (1972); *Galvan v. Press,* 347 U.S. 522, 531–32, 74 S.Ct. 737, 742–43, 98 L.Ed. 911

---

2. We are informed that a national of Libya may leave the country only during one thirty-day period each year and that the period is about to expire for Mr. Elkaddi.

(1954). Furthermore, when Congress delegates a conditional exercise of this power to the Executive's discretion, the courts may not question the exercise of that discretion, at least when the Executive acts on the basis of a facially legitimate and bona fide reason. *Kleindienst v. Mandel,* 408 U.S. at 770, 92 S.Ct. at 2585. This Court should not interfere with the sovereign prerogative of the political branches of government. *United States ex rel. Knauff v. Shaughnessy,* 338 U.S. 537, 542–43, 70 S.Ct. 309, 312–13, 94 L.Ed. 317 (1950). In this case, however, plaintiff does not challenge Congress' sovereign prerogative. Plaintiff challenges the validity of a regulation of the Department of State and the interpretation thereof in the Foreign Affairs Manual on the grounds that these contravene the intent and plain language of Congressional legislation. We do not understand the government to assert that the doctrine of sovereign prerogative allows the Executive to act in a manner contrary to Congressional mandate.

■ On the other hand, courts must accord great deference to an agency's construction of a statute which it administers and, even more clearly, the agency's interpretation of regulations it has drafted. *Udall v. Tallman,* 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965); *Lucas Coal Co. v. Interior Board of Mine Operations,* 522 F.2d 581, 584 (3d Cir.1975). If the State Department's regulation applicable to "K" visas, 22 C.F.R. § 41.66, and note 6 thereto in the Foreign Affairs Manual, may reasonably be said to comport with 8 U.S.C. § 1182(e) as well as 8 U.S.C. § 1101(a)(15)(K), we should defer to the Department's action.

The regulation makes it clear that "K" visas are to be treated, "[i]nsofar as practicable, as if the alien were an applicant to receive an immigrant visa." This language seems consistent with § 1101(a)(15)(K), as that section created the "K" visa to allow an alien to be married to an American and thereafter obtain permanent residence. *See* 8 U.S.C. § 1184(d) (providing that if the "K" visa holder is married within three months of entry, "the Attorney General shall record the lawful admission for per-manent residence of the alien...."). Note 6 to the regulation explains that because a "K" visa is to be viewed as an immigrant visa, "K" visas are subject to § 1182(e)'s foreign residency requirement.

Plaintiff contends, however, that Note 6 contravenes the plain language of § 1182(e) and frustrates the intent of Congress in enacting § 1182(e) and in creating the "K" visa. Plaintiff's plain language argument is that the foreign residence requirement applies only to applicants for "an immigrant visa, or for permanent residence, or for a non-immigrant visa under section 1101(a)(15)(H) or section 1101(a)(15)(L)" and not to applicants for any of the other alien non-immigrant visas under § 1101(a)(15), including the "K" visa. Plaintiff contends the exclusion of the "K" visa was no oversight, as the "K" visa was created in the same legislation that amended § 1182(e) to add the "L" visa to those to which the foreign residence requirement applies. Pub.L. No. 91–225 (1970).

■ Plaintiff's argument gives the Court pause. However, the government has fairly characterized the "K" visa as a hybrid between an immigrant and non-immigrant visa, one which contemplates that the alien will eventually obtain permanent residence in this country. Because § 1182(e) speaks not only of immigrant visas, "H" visas and "L" visas, but also of applicants for permanent residence, we cannot find that the language of § 1182(e) is so clear as to dispose of the issue before us.

The "K" visa was created to remove a previous significant hindrance to the contemplated marriage of an American citizen to an alien. Once married, the alien could apply for an immigrant visa; but that alien was often unable to obtain a visa in order to get married. H.Rep. No. 851, 91st Cong., 2d Sess., *reprinted in* 1970 Code Cong. & Ad.News 2753. The application of § 1182(e)'s foreign residence requirement to applicants for "K" visa holders partially resurrects that same hindrance, a result which appears inconsistent with the purpose of Congress in creating the "K" visa.

However, Note 6's application of § 1182(e) to "K" visa applicants affects only those applicants who have been "J" visa holders within the prior two years. The general Congressional purpose to ease the path of couples intending to be married must be balanced with the purpose of § 1182(e) and the "J" visa for exchange visitors which was meant "... to enable the government of the United States to promote a better understanding of the United States in other countries and to increase mutual understanding between the people of the United States and the people of other countries." The Information and Educational Exchange Act, Pub.L. 80–402, § 2 (1948). In other words, the program is intended to promote good will, and that purpose would be frustrated if exchange visitors did not return to their own countries and spread that good will. Therefore, § 1182(e) creates a two-year foreign residency requirement for former "J" visa holders before they may seek readmission to this country.

An applicant for a "K" visa who was not a "J" visa holder is not affected by the two year residency requirement; and even though Note 6 to 22 C.F.R. § 41.22 applies to a former "J" visa holder who now applies for a "K" visa, the applicant is not permanently barred from entering this country. After two years the applicant may enter the country, get married and thereafter obtain permanent residence. Furthermore, the "K" visa will help him do so, as it was intended to do.

We are unable to conclude that the State Department's construction of § 1182(e) and of § 1101(a)(15)(K) as found in the Foreign Affairs Manual is an unreasonable one. Therefore, judgment will be entered in favor of defendant.