**ZHENG, Hui Jin a/k/a Zheng, Hiu Tin Alien Number A 72 437 767, Plaintiff,**

v.

**Janet RENO, United States Attorney General, Defendant.**

**No. 00 Civ. 8749(JGK).**

United States District Court, S.D. New York.

Sept. 28, 2001.

---

Theodore N. Cox, New York City, for Plaintiff.

James Loprest, Special Assistant United States Attorney, New York City, for Defendant.

## OPINION AND ORDER

KOELTL, District Judge.

The plaintiff, Hui Jin Zheng, seeks a writ of mandamus and a declaratory judgment requiring the Immigration and Naturalization Service ("INS") to schedule an interview regarding her application for adjustment of her immigration status. She alleged jurisdiction in her complaint under the declaratory judgment statute, 28 U.S.C. § 2201; under the mandamus statute, 28 U.S.C. § 1361; and under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et. seq. In her papers on this motion, she also contends that there is jurisdiction over a federal question under 28 U.S.C. § 1331. The Government has moved to dismiss the complaint for lack of subject matter jurisdiction under Fed. R.Civ.P. 12(b)(1) and for failure to state a claim under Fed.R.Civ.P. 12(b)(6). The plaintiff has made a cross-motion for summary judgment under Fed.R.Civ.P. 56.

### I.

The following facts are undisputed for purposes of these motions unless otherwise noted. The plaintiff is a citizen and national of the People's Republic of China living in New York City. (Compl.Ex. 1.) She entered the United States without INS inspection at New York City in December 1992. (Compl.Ex. 1.) At some point thereafter, an Immigration Judge ordered her excluded from the United States. However, the plaintiff did not leave the country in compliance with the exclusion order. (See Compl. ¶ IV, Ex. 2.)

On December 23, 1997, the plaintiff applied to the INS for an adjustment of her immigration status to that of a permanent resident of the United States pursuant to former section 245(i) of the Immigration and Nationality Act of 1952 ("INA"), 8 U.S.C. § 1255(i). (Compl.¶ IV, Ex. 1). The INS scheduled an interview with the plaintiff regarding her application for adjustment for June 28, 1999, but cancelled the interview after learning of the outstanding order of exclusion against the plaintiff. (Compl.¶ IV.) The plaintiff then filed a motion to reopen the exclusion proceedings, which was granted on February 9, 2000. (Compl.¶ IV, Ex. 2.)

In the following months, the plaintiff made several inquiries regarding a new interview date for her adjustment application. She sent four inquiries to the INS, two to a Special Assistant United States Attorney, and one to the INS District Counsel's Office. (Compl.¶ V.) She allegedly received no response to any of these inquiries and still has not received a new interview date. (Compl.¶ V.) Finally, on November 16, 2000, the plaintiff filed this action seeking to compel the INS to schedule an interview date regarding her adjustment application.

### II.

On a motion to dismiss, the factual allegations contained in the complaint are accepted as true. See Conboy v. AT & T Corp., 241 F.3d 242, 246 (2d Cir.2001). In deciding a motion to dismiss, all reasonable inferences must be drawn in the plaintiff's favor. See Conboy, 241 F.3d at 246; Gant v. Wallingford Bd. Of Educ., 69 F.3d 669, 673 (2d Cir.1995); Cosmas v. Hassett, 886 F.2d 8, 11 (2d Cir.1989). The Court's function on a motion to dismiss is

"not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir.1985). Therefore, the defendant's motion should only be granted if it appears that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Connolly v. McCall*, 254 F.3d 36,40 (2d Cir.2001); *see also Goldman*, 754 F.2d at 1065.

■ When a party challenges the Court's subject matter jurisdiction, the Court may in its discretion decide the question on the basis of affidavits or hold an evidentiary hearing. *See Vapac Music Pub., Inc. v. Tuff 'N' Rumble Mgmt.*, No. 99 Civ. 10656, 2000 WL 1006257, at *1 (S.D.N.Y. July 19, 2000). "Where, however," as here, "the district court relies solely on the pleadings and supporting affidavits, the plaintiff need only make a prima facie showing of jurisdiction." *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir.1994).

In its motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1), the Government argues that none of the statutes that the plaintiff relies upon in her complaint confer jurisdiction upon this Court to compel the INS to schedule an adjustment interview. In her reply brief, the plaintiff continues to maintain that jurisdiction lies under the mandamus statute, 28 U.S.C. § 1361, and under the APA. She no longer maintains that jurisdiction lies under the declaratory judgment statute, 28 U.S.C. § 2201, but she has added a new alleged basis for jurisdiction, 28 U.S.C. § 1331, for jurisdiction over a federal question. With respect to federal question jurisdiction, the plaintiff asserts that the federal question at issue is the interpretation of the APA itself, specifically 5 U.S.C. § 706, which states that federal courts "shall … compel agency action unlawfully withheld or unreasonably delayed …."

### A.

■ The declaratory judgment statute, 28 U.S.C. § 2201, is not an independent basis for subject matter jurisdiction in the district courts. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–72, 70 S.Ct. 876, 94 L.Ed. 1194 (1950); *Fleet Bank, N.A. v. Burke*, 160 F.3d 883, 886 (2d Cir.1998). In her reply papers, the plaintiff no longer contends that the declaratory judgment statute confers subject matter jurisdiction, and there is no basis for jurisdiction under this statute.

### B.

■ The APA itself does not confer jurisdiction on a district court to review the decision of an administrative agency. *Califano v. Sanders*, 430 U.S. 99, 107, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977); *Clark v. Commodity Futures Trading Commission*, 170 F.3d 110, 113 n. 1 (2d Cir.1999); *B.K. Instrument, Inc. v. United States*, 715 F.2d 713, 723 (2d Cir.1983). However, a district court may have subject matter jurisdiction under 28 U.S.C. § 1331 over a claim that an agency has violated the APA. *Califano*, 430 U.S. at 105, 97 S.Ct. 980; *Clark*, 170 F.3d at 113 n. 1; *Reiner v. West Village Associates*, 768 F.2d 31, 33 (2d Cir.1985) (per curiam); *B.K. Instrument*, 715 F.2d at 723.

■ Although there is a presumption in favor of judicial review of agency actions, that presumption may be overcome if the statutory scheme indicates that Congress intended to preclude judicial review. *Block v. Community Nutrition Institute*, 467 U.S. 340, 349, 104 S.Ct. 2450, 81 L.Ed.2d 270 (1984); *Dew v. United States*, 192 F.3d 366, 371–72 (2d Cir.1999). Under 5 U.S.C. § 701(a)(2), the APA does not

apply "to the extent that . . . agency action is committed to agency discretion by law." "[W]here a decision is committed to agency discretion, 'review is not to be had if the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion.'" *Dina v. Attorney General,* 793 F.2d 473, 476 (2d Cir.1986) (quoting *Heckler v. Chaney,* 470 U.S. 821, 830, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985)); *see also Lincoln v. Vigil,* 508 U.S. 182, 190–91, 113 S.Ct. 2024, 124 L.Ed.2d 101 (1993); *Marlow v. U.S. Dept. of Education,* 820 F.2d 581, 582 (2d Cir.1987) (per curiam). Thus, the Court must determine whether the INS has nonreviewable discretion in its scheduling of adjustment interviews.

■ Under Section 245 of the INA, [t]he status of an alien who was inspected and admitted or paroled into the United States . . . may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

8 U.S.C. § 1255(a). Section 245(i) allowed the Attorney General to adjust the status of an alien who is physically present in the United States and who entered the country without inspection, provided that the alien paid a specified fee. *See* 8 U.S.C. § 1255(i).¹

■ The Supreme Court has stated that the power to regulate immigration is firmly in the hands of the political branches of the Federal Government. *See Reno v. Flores,* 507 U.S. 292, 305, 113 S.Ct. 1439, 123 L.Ed.2d 1 (1993); *Landon v. Plasencia,* 459 U.S. 21, 34, 103 S.Ct. 321, 74 L.Ed.2d 21 (1982). As a result, the Court owes great deference to the decisions of the INS in immigration matters. *See INS v. Aguirre–Aguirre,* 526 U.S. 415, 425, 119 S.Ct. 1439, 143 L.Ed.2d 590 (1999); *Miller v. Albright,* 523 U.S. 420, 434 n. 11, 118 S.Ct. 1428, 140 L.Ed.2d 575 (1998); *Fiallo v. Bell,* 430 U.S. 787, 792, 97 S.Ct. 1473, 52 L.Ed.2d 50 (1977); *Dhine v. Slattery,* 3 F.3d 613, 619 (2d Cir.1993). In particular, the INS has discretion to deny an application for adjustment of status under the INA, and "the alien bears the burden of persuading the Service to exercise its discretion favorably, since adjustment of status under Section 245 is considered to be extraordinary relief." *Jain v. INS,* 612 F.2d 683, 687 (2d Cir.1979). *See also Howell v. INS,* 72 F.3d 288, 291 (2d Cir. 1995); *Yeung v. Reno,* 868 F.Supp. 53, 59 (S.D.N.Y.1994), *aff'd,* 57 F.3d 1062 (2d Cir. 1995).

The plaintiff argues that INS regulations require that the plaintiff be afforded an interview. *See* 8 C.F.R. § 245.6 ("Each applicant for adjustment of status under this part shall be interviewed by an immigration officer."). However, the regulation also provides that the interview "may . . . be waived . . . when it is determined by the Service that an interview is unnecessary." *Id.* Hence, the alleged requirement of an interview is ultimately in the discretion of the INS. In any event, there is no requirement that the application be decided within a specific period of time; there is also no requirement that if an interview is given, it must be given within a particular

---

1. The version of Section 245(i) under which the plaintiff sought relief, *see* Departments of Commerce, Justice, and State, the Judiciary and Related Agencies Appropriations Act, 1995, Pub.L. No. 103–317, § 506(b) & (c), has now expired and has been replaced by the version of Section 245(i) now codified at 8 U.S.C. § 1255(i).

time, and the scheduling remains within the discretion of the INS. *See Rahman v. McElroy,* 884 F.Supp. 782, 787 (S.D.N.Y. 1995); *Ortiz v. INS,* No. 99 Civ. 0705, 2000 WL 728145, at *1 (S.D.N.Y. Jan.18, 2000); *see also Wan Shih Hsieh v. Kiley,* 569 F.2d 1179, 1181–82 (2d Cir.1978). *But see Yu v. Brown,* 36 F.Supp.2d 922, 931–32 (D.N.M.1999).

Even if the INS's decisions regarding the scheduling of interviews were subject to judicial review under the APA, 28 U.S.C. § 1331 would still not confer jurisdiction on this Court to review the failure of the INS to schedule an interview of the plaintiff before now. Federal question jurisdiction may be exercised over a claim only if (1) the claim turns on an interpretation of the laws or Constitution of the United States and (2) the claim is not "patently without merit." *Bell v. Hood,* 327 U.S. 678, 682–84, 66 S.Ct. 773, 90 L.Ed. 939 (1946); *Batista v. INS,* No. 99 Civ. 2487, 2000 WL 204535 (S.D.N.Y. Feb. 22, 2000). In this case, the plaintiff's claim is patently without merit. While the plaintiff claims in her complaint that the delay has been for a year and a half, the initial delay was caused by her failure to have her order of exclusion lifted before filing for an adjustment of status. "In determining reasonableness, [courts] look to the source of the delay—*e.g.,* the complexity of the investigation as well as the extent to which the defendant participated in delaying the proceeding." *Reddy v. Commodity Futures Trading Comm'n,* 191 F.3d 109, 120 (2d Cir.1999); *Batista,* No. 99 Civ. 2847, 2000 WL 204535, at *4. Thus, the only relevant period of delay is the final nine months from the time the exclusion order was lifted to the date the plaintiff brought this lawsuit. The passage of nine months since the plaintiff's order of exclusion was lifted is insufficient to support a colorable claim that the INS has abused its discretion in not scheduling thus far an interview for the plaintiff regarding her adjustment application. *See INS v. Miranda,* 459 U.S. 14, 18, 103 S.Ct. 281, 74 L.Ed.2d 12 (1982) (court cannot say that failure to act on visa applications for 18 months was unwarranted); *Wan Shih Hsieh,* 569 F.2d at 1182 ("[T]he judicial creation of such a duty [to complete an investigation into whether permanent resident status should be instituted and completed within a shorter period than required by statute] would have the potential for mischievous interference with the functioning of already overburdened administrative agencies."); *Batista,* No. 99 Civ. 2847, 2000 WL 204535, at *5 (finding that delay of 38 months in processing an application for adjustment of status stated a sufficiently colorable claim for jurisdiction, but granting summary judgment dismissing the claim because that delay was not unreasonable).

Thus, neither the APA on its own nor the APA in conjunction with Section 1331 is sufficient to confer subject matter jurisdiction on this Court.

### C.

■■■ The mandamus statute, 28 U.S.C. § 1361, is also insufficient to establish subject matter jurisdiction over this case. "The common law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear non-discretionary duty." *Sadowski v. INS,* 107 F.Supp.2d 451, 453 (S.D.N.Y.2000) (internal quotation marks and citation omitted). The INS's duty to schedule interviews regarding adjustment applications is part of the adjustment process, which is wholly discretionary. *See Howell,* 72 F.3d at 291; *Jain,* 612 F.2d at 687; *Yeung,* 868 F.Supp. at 59. Matters within the INS's discretion are not reviewable under the mandamus statute. *Wan*

*Shih Hsieh,* 569 F.2d at 1182. Thus, courts in this district have repeatedly held that mandamus relief is unavailable for delays in the adjustment process. *Sadowski,* 107 F.Supp.2d at 453; *Batista,* No. 99 Civ. 2847, 2000 WL 204535, at *3; *Ortiz,* No. 99 Civ. 0705, 2000 WL 728145, at *1; *Mesallum v. INS,* 99 Civ. 3997, 1999 WL 1627348, at *1 (S.D.N.Y. Oct.14, 1999); *Kupferberg v. INS,* No. 99 Civ. 0507, 1999 WL 1627350, at *1 (S.D.N.Y. July 7, 1999); *Alomari v. Reno,* No. 97 Civ. 6837, 1997 WL 724815, at *3 (S.D.N.Y. Nov. 19, 1997).

### III.

Moreover, even if this Court had jurisdiction to hear this case, the case should be dismissed for failure to state a claim. As explained above, the plaintiff presents no colorable claim for relief. The failure of the INS to schedule an interview for nine months would not be a violation of any of the plaintiff's rights. *See Miranda,* 459 U.S. at 18, 103 S.Ct. 281; *Wan Shih Hsieh,* 569 F.2d at 1182; *Batista,* No. 99 Civ. 2847, 2000 WL 204535, at *5.

### IV.

Because the Court is dismissing this case for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim, the plaintiff's cross-motion for summary judgment is denied.

### CONCLUSION

For the reasons explained above, the complaint is dismissed for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim. The plaintiff's cross-motion for summary judgment is denied. The Clerk of the Court is directed to enter judgment dismissing the complaint and closing this case.

**SO ORDERED.**