Vinette D. PIERRE (AO79117777),
Plaintiff,

v.

**Edward McELROY, and the United States Immigration and Naturalization Service, Defendants.**

**No. 01 CIV 10784 NRB.**

United States District Court,
S.D. New York.

Dec. 4, 2001.

Najma Q. Rana, Dechert, Price & Rhoads, New York City for plaintiff.

## MEMORANDUM

BUCHWALD, District Judge.

We issue this Memorandum to explain the basis for the signing of an Order to Show Cause containing a temporary restraining order. In brief, the background for plaintiff's application is as follows. On June 22, 2000, at the age of 19, plaintiff Vinette D. Pierre petitioned the Immigration and Naturalization Service ("INS") for Special Immigrant Juvenile Status ("the I–360 petition") and applied for an adjustment of status ("the I–485 application") pursuant to 8 C.F.R. § 204.11(c)(1) and 8 U.S.C. § 1255(a) respectively. To be eligible for Special Immigrant Juvenile Status under § 204.11(c), the petitioner must be under 21 years of age, single, and must have been declared dependant upon a juvenile court. In addition, the petitioner must be found eligible for long-term foster care, and a court must have found that "it would not be in the [petitioner's] best interest to be returned to the country of nationality or last habitual residence of the beneficiary or his or her parent or parents." Although plaintiff had a hearing on October 16, 2001, and had apparently completed her portion of the application process, her representatives were told by an INS official that she had "aged out" by turning 21 on October 19, 2001, before the FBI fingerprint check had been completed. Thereafter, on October 26, 2001, Congress enacted the Uniting and Strengthening America by Providing the Appropriate Tools Required to Intercept and Obstruct Terrorism Act of 2001 ("the PATRIOT Act"), which provided in § 424:

> For purposes of the administration of the Immigration and Nationality Act (8 U.S.C. § 1101 et seq.), in the case of an alien-
>
> (1) whose 21st birthday occurs in September 2001, and who is the beneficiary of a petition or application filed under such Act on or before September 11, 2001, the alien shall be considered to be a child for 90 days after the alien's 21st birthday for purposes of adjudicating such petition or application; and
>
> (2) whose 21st birthday occurs after September 2001, and who is the beneficiary of a petition or application filed under such Act on or before September 11, 2001, the alien shall be considered to be a child for 45 days after the alien's birthday for purposes of adjudicating such petition or application.

Under subsection (2) of this statute, plaintiff was to "age out" on December 3, 2001. The United States Attorney's office has informed the Court that while the FBI fingerprint check for Ms. Pierre has been returned, the results of the FBI and CIA name checks have not been received by the INS. Apparently, there are no other obstacles to the granting of plaintiff's petition and application.

### DISCUSSION

Plaintiff invokes federal question jurisdiction, 28 U.S.C. § 1331; the mandamus statute, 28 U.S.C. § 1361; the Declaratory Judgment Act, 28 U.S.C. § 2201; the Administrative Procedures Act, 5 U.S.C. § 702; and the Immigration and Nationality Act, 8 U.S.C. § 329, as bases for juris-

diction. Defendant, on the other hand, asserts that the Court lacks subject matter jurisdiction over this action. We are well aware of the lines of authority in the immigration context standing for the propositions that: (1) the Court lacks mandamus jurisdiction where a plaintiff cannot establish a clear right to the relief sought because of the INS's broad discretion to deny requests for adjustment of status and (2) the immigration laws generally do not require agency action within any particular time frame. *See, e.g., Zheng v. Reno,* 166 F.Supp.2d 875 (S.D.N.Y.2001); *Ortiz v. INS,* No. 99 Civ. 0705, 2000 WL 728145 (S.D.N.Y. Jan.18, 2000).

However, the requested relief sought here is, like much of the aftermath of September 11, 2001, unusual. In this case, Congress passed specific legislation which extended the time that an alien could be considered a child "for purposes of adjudicating" a petition or application filed before September 11.[1] It should be emphasized that this legislation did not simply extend certain deadlines, but rather it revived petitions and applications that were moribund at the time the statute was passed because the petitioners had aged out. The legislative history underscores Congress's affirmative purpose: "By providing a brief filing extension, this provision *ensures that no alien* will 'age out' of eligibility to immigrate as the result of the terrorist attacks." H.R. Res. 3162, 107th Cong., S11048 (2001) (emphasis added). Therefore, in the lexicon of mandamus, Congress has granted plaintiff a clear right and provided for a concomitant duty

on the part of the INS. Plaintiff has a right not to "age out" due to the terrorist attacks of September 11, and the INS must perform its duty to do the requisite investigation and adjudication of those I–360 petitions that were brought before September 11 on behalf of individuals who had already and would have aged out during the extension window provided for in the PATRIOT Act.[2]

Any other reading of the statute would render meaningless the relief Congress provided for, contrary to the fundamental principle of statutory interpretation that all provisions of statutes are to be read to be meaningful. *See Bennett v. Spear,* 520 U.S. 154, 173, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997) ("It is the cardinal principle of statutory construction ... that it is our duty to give effect, if possible, to every clause and word of a statute ... rather than to emasculate an entire section."); *see also G.R. Dickerson v. New Banner Institute, Inc.,* 460 U.S. 103, 118, 103 S.Ct. 986, 74 L.Ed.2d 845 (1983) (discussing significance of congressional intent in matters of statutory construction). Furthermore, not only is this reading of the statute logical given Congress's apparent purpose to revitalize expired and expiring applications, but it comports with the plain meaning of Congress's words. *Cf. Miller v. French,* 530 U.S. 327, 120 S.Ct. 2246, 147 L.Ed.2d 326 (2000) (disapproving a reading of the statute that subverts its plain meaning). To "adjudicate" means "to settle judicially" and "to act as judge." *Merriam–Webster's Collegiate Dictionary* 15 (10th ed.1998). To read the statute as simply granting an

---

**1.** Section 424 was one of many carefully tailored provisions in the PATRIOT Act designed to protect aliens from adverse consequences emanating from the September 11 attacks and the consequent disruption.

**2.** We do not suggest that Congress intended any particular ultimate action or disposition

(positive or negative) by the INS, but only that the INS do or ensure that the investigation and evaluation (i.e. adjudication) of the petition and application be done in good faith and within the necessary time frame so as not to thwart Congress's intent to provide relief to otherwise eligible aliens.

eligibility extension to applicants who are already ineligible or who will shortly be ineligible without imposing any obligation on the INS to act on these applications would both render the statute meaningless and belie its plain meaning.

Accordingly, since as of the signing of the Order to Show Cause, the INS had not fulfilled the duty imposed by Congress and because without action by the Court the status quo could not be preserved and plaintiff afforded the opportunity for the relief Congress intended, the temporary restraining order was signed. Nothing in that document prevents the INS from acting positively on plaintiff's petition and application.

**IT IS SO ORDERED.**