14-4494-cv
*Cepeda v. US Citizenship and Immigration Services, et al.*


UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of December, two thousand fifteen.

Present:
>PETER W. HALL,
>DENNY CHIN,
>SUSAN L. CARNEY,
>>*Circuit Judges.*

_____

YORKIRYS TORRES CEPEDA,

>*Plaintiff-Appellant*,

>v.                                                    No. 14-4494-cv

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,
LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,

>*Defendants-Appellees.*

_____

For Plaintiff-Appellant:                   Yorkirys Torres Cepeda, pro se, Woodhaven, NY.

For Defendants-Appellees:               Margaret M. Kolbe, Assistant United States Attorney, of counsel, *for* Robert L. Capers, United States Attorney, Eastern District of New York, Brooklyn, NY.

_____

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (Cogan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Yorkirys Torres Cepeda ("Cepeda"), a United States citizen proceeding pro se, appeals the district court's dismissal of her petition for mandamus to compel further administrative review of a consular decision that denied a visa to her husband, a citizen of the Dominican Republic. The district court dismissed the petition after determining that (1) consular officials, after refusing to issue a visa, had no obligation to forward her husband's case file to the United States Citizenship and Immigration Services ("USCIS") for further review, and (2) the doctrine of consular non-reviewability prohibited the court from further reviewing the denial of the visa application. The district court dismissed the petition, in the alternative, under 28 U.S.C. § 1654, reasoning that the petition was improperly prepared by an unqualified layperson. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. For the reasons stated below, we affirm.

"[M]andamus is an extraordinary remedy, intended to aid only those parties to whom an official or agency owes a clear nondiscretionary duty," and the "party who seeks a writ of mandamus must show a clear and indisputable right to its issuance." *Escaler v. USCIS*, 582 F.3d 288, 292 (2d Cir. 2009) (internal citations and quotation marks omitted). Cepeda has not met this burden.

Cepeda claims that following the approval of her 2007 petition for a visa on behalf of her husband, Adalberto Bautista Polanco, the 2008 refusal by the United States Embassy Consular Section in Santo Domingo, Dominican Republic (the "Consulate") to issue Polanco a visa—after

it determined that he was inadmissible to the United States based on his previous attempt to procure permanent resident status through a "sham" marriage to another woman, *see* 8 U.S.C. § 1182(a)(6)(C)(i), and after USCIS denied Cepeda's application for a hardship waiver, *see id*. § 1182(i)—imposed on USCIS a non-discretionary duty to undertake further review of the consular decision denying Polanco's visa application. Accordingly, Cepeda contends, (1) the Consulate's failure to forward the visa application to USCIS for this review deprived her of an opportunity to present evidence challenging the basis for the denial and (2) her mandamus petition merely sought to compel the Consulate to act on the duty it owed to her. We disagree.

A decision refusing a visa application is reviewed by consular officials at the consular office with authority to perform that review, *see* 22 C.F.R. § 42.81(c), and USCIS may, but need not, issue an advisory opinion under its authority to review a visa refusal, *see id.* § 42.81(d). Before deciding to refuse the visa application, consular officials must consider any evidence submitted by an applicant "indicating that the ground for a prior refusal of a visa may no longer exist." *Id.* § 40.6. The Consulate also carries a non-discretionary duty to reconsider its refusal, but that duty is triggered only if "the applicant within one year from the date of refusal adduces further evidence tending to overcome the ground of ineligibility on which the refusal was based." *Id.* § 42.81(e).

Under the circumstances of this case, USCIS had no duty to undertake further review of the consular decision denying Polanco a visa. Nor, because Cepeda did not timely provide new evidence challenging the basis for the refusal, did consular officials owe her a duty to reconsider that denial. It was not until 2013, five years later, that she petitioned the Consulate with new evidence. We are unpersuaded, moreover, by Cepeda's claim that she was denied an opportunity to present her evidence. She was free to present evidence to consular officials at any time before

3

or within a year after Polanco's visa was refused, and that evidence would have been entitled to due consideration. *See id.* §§ 40.6, 42.81(e).

Thus, the district court was correct that, following USCIS's denial of Cepeda's application for a "hardship waiver" under 8 U.S.C. § 1182(i)—a discretionary decision beyond the scope of the district court's jurisdiction, *see id.* § 1182(i)(2) ("No court shall have jurisdiction to review a decision or action of the Attorney General regarding a waiver under paragraph (1).")—the Consulate had no obligation to forward her petition to USCIS for further review. *See Wan Shih Hsieh v. Kiley*, 569 F.2d 1179, 1182 (2d Cir. 1978) (noting that INS is not obligated to investigate whether visas should be issued to aliens in foreign countries, having already fulfilled the agency's sole duty of determining whether petition for preference status based on familial relationship should be granted). Cepeda has, for all the foregoing reasons, failed to demonstrate that USCIS owed her "a clear nondiscretionary duty" to review further the denial of her husband's visa application, and thus that she had a "clear and indisputable right" to the issuance of a writ of mandamus compelling such review. *See Escaler*, 582 F.3d at 292.

Because we conclude that the district court properly dismissed Cepeda's petition, it is unnecessary for us to decide whether the district court properly dismissed the petition because it was improperly filed on Cepeda's behalf by an unqualified layperson, 28 U.S.C. § 1654, and we decline to do so.

We have considered all of Cepeda's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4